IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-00676

BARRY O'NEILL,

      Plaintiff,

v.

CALIFORNIA FARMS, INC; JAMES
ROBERTS; and DAN FANTZ,

      Defendants.

---

## PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

---

Pursuant to Rule 52(d)(2) of the Federal Rules of Civil Procedure and D.C.Colo.LCivR 54.3, Plaintiff Barry O'Neill ("O'Neill"), by and through undersigned counsel, respectfully moves the Court for an award of attorneys' fees against Defendants California Farms, Inc., James Roberts, and Dan Fantz (collectively, "Defendants"). In support thereof, O'Neill states:

1.      On February 14, 2013, Magistrate Tafoya issued an Amended Recommendation [Dkt. #38], in which she recommended to this Court that a Default Judgment should be entered against Defendants on Plaintiff's first through twelfth claims of relief, and that a Judgment of $100,000 should be entered against the Defendants, plus interest.

2.      Magistrate Tafoya denied Plaintiff's Motions for Default Judgment without prejudice with respect to Plaintiff's request for attorneys' fees, and gave Plaintiff leave to file an appropriate motion and accounting under Fed. R. Civ. P. 54(d)(2).

3.      On September 29, 2013, this Court issued an Order Affirming and Adopting Recommendation of United States Magistrate Judge [Dkt. #40], in which it affirmed and adopted Magistrate Tafoya's recommendations in their entirety.

4.      By this Motion, Plaintiff seeks an award of its reasonable attorneys' fees.

6.      Attorneys' fees are to be calculated on the basis of the prevailing market rates for analogous litigation in the relevant community.  *See, e.g., Case v. Unified Sch. Dist.,* 157 F.3d 1243, 1255 (10th Cir. 1998).  The rate must be related to "what lawyers of comparable skill and experience practicing in the area in which the litigation occurs would charge for their time." *Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir. 1983). The applicant must establish the reasonableness and necessity of the fee requested.  *Ward v. Siebel,* No. 06-cv-00036-WYD-MJW, 2012 WL 2196054, at *3 (D. Colo. June 15, 2012).

7.      Here, Magistrate Judge Tafoya concluded that Plaintiff's original request for attorneys' fees did not include the requisite level of detail with respect to the reasonableness of the fees requested. [Dkt. #38, at pp. 36.]  Her Amended Recommendation, however, cites to legal authority reflecting that according to a Colorado Bar Association survey from five years ago in 2008, hourly rates in the Denver market for firms with more than 51 lawyers at that time ranged from $225.00 - $508.00 (25th percentile to 95% percentile).  [*Id*., citing *Universal Drilling Co., Inc. v. Newpark Drilling Fluids, LLC,* Civil Action No. 08-cv-0286-MSK-CBS, 2011 WL 215961 (D. Colo.

Feb. 22, 2011).]  The ranges addressed by Judge Krieger in that opinion help support

the reasonableness of the fees now requested in the instant Motion.[1]   In further support

of Plaintiff's Motion, GT has submitted the affidavit of shareholder David Goldberg, who,

as an experienced litigator in the Denver market, is cognizant of attorney fees charged

in Denver for attorneys with similar experience in similarly-sized international firms,

which generally range from $150.00 to $550.00 per hour, and sometimes higher,

depending on the work and type of practice, as well as the individual's skill, experience

and background.

8.      The fees charged by the four GT lawyers for which Plaintiff now seeks

reimbursement are well within the rates charged by attorneys in Denver, Colorado with

commensurate experience and skill for similar legal services, *i.e.,* complicated claims

involving securities laws and commercial litigation.  Here, the attorney rates on this

matter range from $190 for the work performed by a second-year lawyer to $500.00 per

hour for the 0.3 hours of time billed by a skilled shareholder with 28 years' experience in

complex commercial litigation matters.  (Goldberg Aff. ¶ 9.)

9.      GT staffed the matter efficiently, with an eye toward cost-savings as and

where appropriate.  Accordingly, in light of the securities claims in this suit, most of the

work and time billed on the matter was performed by a fifth-year securities litigator with

experience and expertise in commercial and securities litigation matters.  (*Id*. ¶ 9(c).)

Her time is billed at a reasonable $345.00 per hour rate.  (*Id*.) A litigation shareholder

billed 0.3 hours of time at a rate of $500.00 per hour in connection with preparing a

---

[1] In her Amended Recommendation, Magistrate Judge Tafoya questioned the reasonableness of the fee charged by Mark Musyl, a senior shareholder with GT in the practice of complex business and corporate law.  While GT believes that Mr. Musyl's rates are reasonableness and commensurate with the skill and expertise he brings to the table, Mr. Musyl also has the relationship with the Plaintiff and has opted to forego recovery of his time in this matter.

necessary status report for the Court.  (*Id*. ¶ 9(a).)  An additional 1.7 hours were billed by a lawyer with twelve years of experience in complex litigation and securities matters at a rate of $435.00 per hour, in the course of briefing, finalizing, and filing the Motion for Entry of Default and Default Judgment, and supporting documents, declarations, and exhibits, drafting the Response to Order to Show Cause, and consideration and analysis regarding discovery and response strategy. (*Id*. ¶ 9(b).)  A junior associate assisted in the preparation of the instant Motion at a rate of $255.00.  (*Id*. ¶ 9(d).) Finally, Ms. Peggy West, a paralegal with over 24 years of experience, assisted in the underlying fact investigation necessary to assist with service of the summons of the Defendants in this case.  (*Id*. ¶ 9(e).)  Collectively, GT invoiced the client  $11,499 with respect to these individuals, and Plaintiff now seeks reimbursement for the costs incurred.

WHEREFORE, Plaintiff Barry O'Neill respectfully requests that the Court enter Judgment against Defendants California Farms, Inc., James Roberts, and Dan Fantz, awarding Plaintiff his reasonable attorneys' fees as set forth above, and such further relief as the Court deems just and proper under the circumstances.

Dated this 15th day of October, 2013.

GREENBERG TRAURIG, LLP

By: ___s/ Amber J. Munck_____
      Amber J. Münck
      David H. Goldberg
      Amber Duffy
      1200 17th Street, Suite 2400
      Denver, Colorado 80202
      Telephone: (303) 572-6500
      Facsimile:  (303) 572-6540

ATTORNEYS FOR PLAINTIFF BARRY O'NEILL

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2013, a true and correct copy of **PLAINTIFFS' MOTION FOR ATTORNEYS' FEES** was served via U.S. Mail, proper postage prepaid on the following:

Daniel Fantz
9515 Greening Avenue
Whittier, CA  90605

California Farms, Inc.
94 West Boulder Valley Creek Road
Simi Valley, CA  93065

James Roberts
94 West Boulder Valley Creek Road
Simi Valley, CA  93065

*s/ Karen R. Loveland*
Karen R. Loveland
Legal Assistant